Filed 12/28/23  P. v. Dawson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081953 |
| v. | (Super.Ct.No. FSB08119) |
| GLEN ERVIN DAWSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On June 12, 1996, defendant and appellant, Glen Ervin Dawson, pled guilty to attempted murder (Pen. Code, §§ 664, 187, subd. (a), count 1)[1] and admitted an allegation he used a knife in his commission of the offense (former § 12022, subd. (b)).[2] The court thereafter found true allegations that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and two prior strike convictions (§ 667, subds. (b)-(i)). The court sentenced defendant to 33 years to life. (*Dawson I*, *supra*, E018582; *Dawson II*, *supra*, E060590.)

On July 26, 2023, defendant filed a petition pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) to have his prior serious felony enhancement stricken. On August 3, 2023, at an unreported hearing at which neither side was represented, the trial court denied defendant's petition finding that Senate Bill No. 1393 did not apply to cases that were already final.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) setting forth a statement of the case and identifying five potentially arguable issues: (1) whether the order denying defendant's petition is appealable; (2) whether Senate Bill No. 1393 applies to final judgments; (3) whether section 1385 provides the court authority to strike defendant's prior serious

---

[1] All further statutory references are to the Penal Code.

[2] We take judicial notice of our prior nonpublished opinions from defendant's appeal from the original judgment (*People v. Dawson* (April 8, 1997, E018582) (*Dawson I*)), and his appeal from the denial of his section 1170.126 petition for resentencing (*People v. Dawson* (Aug. 19, 2014, E060590) (*Dawson II*)).

felony conviction enhancement; (4) whether the court should have held a hearing on defendant's petition; and (5) whether the court should have appointed counsel for defendant.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>MILLER</u>
J.

<u>FIELDS</u>
J.

3